IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OMNIS HEALTH LIFE, LLC
    *Plaintiff*,

v.
                                  Civil Action No. ELH-24-3642

OPTUM, INC., *et al.*
    *Defendants*.

**MEMORANDUM**

Plaintiff Omnis Health Life, LLC ("Omnis" or "Omnis Health") is "a minority and 100% service-disabled Gulf War veteran-owned business, operating as a fully licensed opioid treatment program" in Baltimore. ECF 3 ("Complaint"), ¶ 9. It "offers healthcare services including group and individual counseling, crisis intervention, and medication-assisted treatment." *Id.*

Omnis filed suit in the Circuit Court for Baltimore City, titled "Complaint For Conversion And Tortious Interference With Contractual Rights" (ECF 3). In the suit, Omnis named three defendants: Optum, Inc. ("Optum"); United Behavioral Health, Inc. ("UBH"); and the State of Maryland (the "State").

Optum is incorporated under the laws of Delaware and has its principal place of business in Minnesota. *Id.* ¶ 10. Optum is "an affiliated parent company of Optum Maryland." *Id.* Through Optum Maryland, Optum "is the contracted Administrative Service Organization for Maryland's Public Behavioral Health System, and in that capacity, is responsible for managing the submission and reimbursement of claims submitted by healthcare providers, among other things." *Id.*

UBH is incorporated under the laws of California, with its principal place of business in San Francisco. *Id.* ¶ 11. UBH "regularly transacts business" in Maryland under the trade name

1

"Optum Maryland." *Id.* "UBH, through Optum Maryland, shares responsibility in managing behavioral health reimbursements and claims processing alongside Optum." *Id.*

"Optum Maryland" and UBH are often used interchangeably for the same entity. I shall sometimes refer to Optum and UBH/Optum Maryland collectively as the "Optum Defendants."

The allegations against the State primarily involve the Maryland Department of Health ("MDH"), which "is the state agency responsible for operating Maryland's Public Behavioral Health System." *Id.* ¶ 12. "MDH, through its Behavioral Health Administration, contracted with Optum and UBH to manage the State's Public Behavioral Health System." *Id.*

The Complaint contains seven counts: (I) interference with contractual rights based on race, lodged against Optum Maryland, in violation of 42 U.S.C. § 1981 (Count I); negligence, asserted against the State and Optum Maryland (Count II); breach of fiduciary duty, lodged against Optum Maryland (Count III); tortious interference with business relationships, asserted against Optum Maryland (Count IV); conversion, lodged against the State and Optum Maryland (Count V); race discrimination, in violation of Title VI of the Civil Rights Act of 1964, asserted against the State (Count VI); and breach of contract, based on a third-party beneficiary theory, lodged against Optum Maryland (Count VII).

Only counts I and VI arise under federal law. On the basis of those claims, defendants removed the case to federal court on December 17, 2024. They asserted federal question jurisdiction under 28 U.S.C. § 1331. ECF 1.

Thereafter, both the State and the Optum Defendants moved to dismiss the Complaint. ECF 18 (State); ECF 19 (Optum Defendants). Plaintiff opposed both motions. ECF 20, ECF 21. The State (ECF 22) and the Optum Defendants (ECF 23) replied.

2

By Memorandum Opinion (ECF 25) and Order (ECF 26) of August 20, 2025, I dismissed the federal law claims (Counts I and VI) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). However, I granted Omnis leave to amend its Complaint by September 10, 2025. *Id.* And, I deferred ruling on the remaining State law claims, including the primary question of supplemental jurisdiction under 28 U.S.C. § 1367(a), pending the possible filing of an amended complaint. ECF 25 at 4, 40. However, Omnis did not file an amended complaint, and the time to do so has expired. *See* Docket.

By "Joint Notice of Statement Regarding Plaintiff's Remaining State Law Claims", filed on September 11, 2025, the defendants ask that I retain jurisdiction to "address and dismiss the state law claims as well." ECF 27 ("Joint Notice"). They claim that the exercise of supplemental jurisdiction, and dismissal of the claims under Rule 12(b)(6), would serve "the interests of judicial economy . . . ." *Id.* Alternatively, they observe "that courts under similar circumstances have simply dismissed the state law claims without prejudice rather than remand them to state court." *Id.* Plaintiff has not responded. *See* Docket.

Plaintiff did not respond to the Joint Statement. But, the time to do so has not yet expired.

No hearing is necessary. *See* Local Rule 105.6. For the reasons that follow, I decline to exercise supplemental jurisdiction over the State law claims. Instead, I shall remand this case to the Circuit Court for Baltimore City.

## I. Background

The parties are familiar with the facts, which have been summarized by the Court in its previous Memorandum Opinion. *See* ECF 25. I incorporate the factual and procedural summary set forth in my Memorandum Opinion of August 20, 2025 (ECF 25).

As noted, I previously dismissed the federal law claims (Counts I and VI), with leave to amend. ECF 25; ECF 26.  But, plaintiff did not amend the suit.  As a result, the only claims over which this Court had original jurisdiction have been "extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Therefore, the question is whether this Court should exercise supplemental jurisdiction over the State law claims asserted in Counts II, III, IV, V, and VII.

Defendants contend that because the Court has already analyzed the Complaint and ruled on the defendants' motions to dismiss, "it serves the interests of judicial economy for the Court to address and dismiss the state law claims as well."  ECF 27.  They also contend that the State law claims here are comparable to those asserted in two cases filed by plaintiff in the District of Maryland, in which the courts addressed and rejected the State law claims: *Healthcare Living for Families, Inc. v. Optum, Inc., et. al*., BAH-25-79, 2025 WL 2300720 (D. Md. Aug. 8, 2025) ("HCLF"), and *Choice Pain & Rehabilitation Center, LLC v. Optum, Inc. et. al.*, DAB-24-2144, 2025 WL 948294 (D. Md. Mar. 28, 2025) ("Choice Pain").  ECF 27 at 2.

According to defendants, "Omnis's state law claims concern the same allegations regarding purported offsets and denials of Medicaid claims as its now-dismissed federal claims."  *Id.* at 2. And, they argue that because the HCLF and Choice Pain courts dismissed the State law claims under Rule 12(b)(6), this Court should do the same.  *Id.* at 3.

## II.  Discussion

A court may exercise supplemental jurisdiction over State law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  "[W]hether the federal-law claims and State-law claims are part of the same case is determined by whether

4

they 'derive from a common nucleus of operative fact and are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Hinson v. Norwest Fin. S. Carolina, Inc.*, 239 F.3d 611, 615 (4th Cir. 2001). The State law claims asserted here, such as negligence, breach of fiduciary duty, conversion, and tortious interference, are tort claims that are quite distinct from the federal claims that were dismissed. But, they arise from a common nucleus of facts.

Notably, under 28 U.S.C. § 1367, a district court "may decline to exercise supplemental jurisdiction over a claim" if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) *the district court has dismissed all claims over which it has original jurisdiction*, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." (Emphasis added).

The Fourth Circuit has stated that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan*, 58 F.3d at 110; *see Hinson*., 239 F.3d at 617 (recognizing, in a case removed from state court, that if the federal claims fail, the district court has discretion to remand the case); *see also Spanos v. Vick*, 576 F. Supp. 3d 361, 369 (E.D. Va. 2021). The Court has also stated: "Although a federal court has discretion to assert pendent jurisdiction over state claims even when no federal claims remain, 'certainly[ ] if the federal claims are dismissed before trial . . . the state claims should be dismissed' without prejudice." *Alexandria Resident Council, Inc. v. Alexandria Redevelopment & Hous. Auth.*, 11 F. App'x 283, 287 (4th Cir. 2001) (per curiam) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966)) (some internal citations omitted; alterations in *Alexandria*).

The Court reasoned that "when all federal claims are dismissed early in the litigation, the justifications behind pendent jurisdiction—'considerations of judicial economy, convenience and fairness to litigants'—are typically absent." *Alexandria Resident Council, Inc.*, 11 F. App'x at 287 (citation omitted); *see also Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 (1988) (stating that "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims."). Indeed, the Fourth Circuit "evince[s] a strong preference that state law issues be left to State courts in the absence of diversity or federal question jurisdiction . . . ." *Arrington v. City of Raleigh*, 369 F. App'x 420, 423 (4th Cir. 2010) (per curiam); *see also Waybright v. Frederick Cnty.*, 528 F.3d 199, 209 (4th Cir. 2008) ("With all its federal questions gone, there may be the authority to keep [this case] in federal court under 28 U.S.C. §§ 1367(a) and 1441(c) (2000), but there is no good reason to do so."), *cert. denied*, 555 U.S. 1069 (2008).

Defendants assert that because I have already analyzed the case in regard to their motions to dismiss, "it serves the interests of judicial economy for the Court to address and dismiss the state law claims as well." ECF 27 at 2. However, in my Memorandum Opinion, I addressed only the federal causes of action. *See* ECF 25. In order to address the viability of the State law claims, the Court must exercise supplemental jurisdiction under 28 U.S.C. §1367(a). The analysis of the viability of the State law claims would require the expenditure of considerable time and effort. The fact that two other courts considered similar claims does not relieve this Court of its duty to consider the viability of each claim. And, the Maryland State courts are certainly well equipped to do so.

It is also salient that the case presents at least one novel or complex issue of Maryland law, for which litigation in a State court is appropriate. *See* 28 U.S.C. § 1367(c)(1) (stating that district court has discretion to decline to exercise supplemental jurisdiction over a claim if it "raises a novel or complex issue of State law"). As noted in ECF 25, the defendants argued that the Complaint should be dismissed in its entirety, based on plaintiff's failure to exhaust its State administrative remedies. *Id.* at 42; *see* ECF 18-1 at 25; ECF 19-1 at 26; ECF 22 at 13–14.

Of course, the doctrine of administrative exhaustion is not a novel concept. But, the Maryland case law on the topic almost exclusively concerns administrative remedies created by statute. Here, the issue of exhaustion implicates procedures created by an agency. ECF 25 at 42; *see* ECF 19-5 at 2 ("Procedure For Resolving Disputes Over Negative Balances," issued jointly by MDH and Optum Maryland). Defendants cite no pertinent case law on the topic, and the Court has found only one case that even tangentially addresses the matter. *See Green Healthcare Sols., LLC v. Natalie M. LaPrade Maryland Med. Cannabis Comm'n*, 254 Md. App. 547, 274 A.3d 530 (2022) (briefly addressing whether an agency can create an exhaustion requirement by regulation). Moreover, in Maryland, exhaustion of administrative remedies is "'treated like a jurisdictional question.'" *Renaissance Centro Columbia, LLC v. Broida*, 421 Md. 474, 487, 27 A.3d 143, 150 (2011) (citation and emphasis omitted); *see Priester v. Baltimore Cnty., Md.*, 232 Md. App. 178, 190, 157 A.3d 301, 308 (2017). As I see it, the Maryland State courts should resolve these issues.

Alternatively, defendants maintain that "courts under similar circumstances have simply dismissed the state law claims without prejudice rather than remand [the] case to state court." ECF 27 at 2. However, this would require plaintiff to file a new case. A remand is more appropriate than a dismissal without prejudice because a remand would spare the plaintiff the cost and effort of refiling the suit that defendants removed to federal court.

7

### III.  Conclusion

In my view, a remand to the Circuit Court for Baltimore City is warranted.  This case is in its early stages.  No scheduling order has been issued and no discovery has been conducted.  Given the absence of any federal claims, and the posture of the case, the Court does not have a substantial reason to exercise supplemental jurisdiction in order to evaluate the viability of multiple State law claims.  *See Arrington*, 369 F. App'x at 423 (indicating a "strong preference" that district courts dismiss or remand cases where the claims supporting federal question jurisdiction are dismissed); *see Alexandria Resident Council, Inc.*, 11 F. App'x at 287 (when no federal claims remain, the state claims "'should'" be dismissed) (citation omitted).

For the aforementioned reasons, I shall remand this case to the Circuit Court for Baltimore City.  An Order follows.


Date: September x, 2025                              _____/s/_____

                                                     Ellen L. Hollander
                                                     United States District Judge